UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UJKA SINISHTAJ *et al.*,

    Plaintiffs,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

Case No. 14-cv-13664
Hon. Matthew F. Leitman

_____/

# ORDER GRANTING PLAINTIFFS' MOTION TO SUBSTITUTE PARTY AND TO FILE SECOND AMENDED COMPLAINT (ECF #19)

On July 21, 2014, Plaintiffs Ujka Sinishtaj and Natalie Sinishtaj (collectively "Plaintiffs") filed this action against Defendant Home Depot U.S.A., Inc. ("Home Depot") in the Macomb County Circuit Court. (*See* Complaint, ECF #1 at 10-15, Pg. ID 10-15.) Home Depot thereafter removed Plaintiffs' action to this Court. (*See* ECF #1.) Plaintiffs allege, among other things, that Plaintiff Ujka Sinishtaj severely injured his hand after using a plumbing tool rented at Home Depot. (*See* First Amended Complaint, ECF #8.)

On May 19, 2015, Plaintiff Ujka Sinishtaj passed away. Following his death, Plaintiffs filed a motion seeking (1) to substitute Natalie Sinishtaj as the Personal Representative of the Estate of Ujka Sinishtaj as a Plaintiff in this action (replacing Plaintiff Ujka Sinishtaj); and (2) to file a Second Amended Complaint

1

which would include a claim for wrongful death under Michigan's Wrongful Death Act. (*See* ECF #19.) Home Depot does not oppose Plaintiffs' proposed party substitution, but it does object to Plaintiffs' request to add a claim for wrongful death. (*See* ECF #21.) According to Home Depot, such a claim "appears futile." (*See id.* at 2-3, Pg. ID 160-161.)

The Court has now reviewed Plaintiffs' motion, Home Depot's response, and Plaintiffs' reply brief. The Court believes there is good cause to grant Plaintiffs the relief they seek. If Home Depot believes Plaintiffs' wrongful death claim is meritless, it is free to file a motion to dismiss the claim or for summary judgment. Accordingly, **IT IS HERBY ORDERED** that Plaintiffs' motion to substitute party plaintiff and to file a Second Amended Complaint (ECF #19) is **GRANTED**. Plaintiffs shall file a Second Amended Complaint within ten days of the date of this Order.

In its response to Plaintiffs' motion, Home Depot requested that if the Court granted Plaintiffs' request to file a Second Amended Complaint, the Court extend the Scheduling Order in this action for "90 days to allow for discovery regarding [Plaintiffs'] new claim." (Home Depot Resp. Br. at 3, Pg. ID 161.) The Court agrees that the requested extension of the Scheduling Order is appropriate under these circumstances. Accordingly, the Scheduling Order is amended as follows:

| **Event** | **New Deadline** |
|---|---|
| Fact Discovery Cutoff | November 30, 2015 |
| Rule 26(a)(2) Proponent Expert Disclosures | November 2, 2015 |
| Rule 26(a)(2) Rebuttal Expert Disclosures | November 30, 2015 |
| Expert Discovery Cutoff | December 28, 2015 |
| Interim Status Conference | Wednesday, January 6, 2016, at 2:00 p.m. |
| Dispositive Motions and Challenges to Experts | January 29, 2016 |
| Rule 26(a)(3) Pretrial Disclosures | March 18, 2016 |
| Motions *in Limine* | April 18, 2016<br>Response briefs due 10 days after filing, but not later than April 28, 2016. Reply briefs due 5 days after responses are filed, but not later than May 5, 2016. |
| Final Pretrial Order | May 9, 2016 |
| Final Pretrial Conference | Monday, May 23, 2016, at 10:00 a.m. |
| Jury Trial | Tuesday, June 13, 2016, at 9:00 a.m. |

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 1, 2015

3

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 1, 2015, by electronic means and/or ordinary mail.

                                          s/Holly A. Monda
                                          Case Manager
                                          (313) 234-5113